IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GARY JOE MCCAMEY,<br><br>     Petitioner,<br><br>v.<br><br>ROBERT POWELL,<br><br>     Respondent. | **MEMORANDUM DECISION<br>& ORDER DENYING<br>HABEAS-CORPUS PETITION**<br><br>Case No. 2:17-CV-1316-TS<br><br>District Judge Ted Stewart |

In this federal habeas-corpus case, *pro se* inmate Gary Joe McCamey,[1] attacks his state conviction. 28 U.S.C.S. § 2254 (2021) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Having carefully considered the Petition and exhibits, (ECF No. 3); Petitioner's memorandum supporting the Petition, (ECF No. 6); the State's answer and exhibits, (ECF No. 19); and, Petitioner's response to the answer, (ECF No. 26), the Court concludes that Petitioner has procedurally defaulted two grounds and not overcome the federal habeas standard of review on the remaining ground. The petition is therefore denied.

## BACKGROUND

In 2003, McCamey was on parole for his 1991 convictions for sexual offenses involving children. As a condition of his parole, he was not allowed to have contact with anyone under the age of eighteen. McCamey's probation officer suspected that McCamey was living with his wife, his thirteen-year-old stepdaughter J.W.,

---

[1]Because Petitioner is *pro se*, his pleadings must be construed liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, this requirement does not obligate the Court to form arguments for him or excuse compliance with procedural rules. *Id.*

and his five-year-old son. The probation officer contacted the
Murray City police officer who was a resource officer at J.W.'s
school. That officer's 2003 police report stated that the probation
officer was trying to gather evidence to show that McCamey was
living in the home with the children. The report also stated that the
probation officer was "concerned" that McCamey may have
"victimized" J.W. The probation officer determined from a source
at J.W.'s school that McCamey would sometimes pick her up from
school early. The probation officer shared this information with
Murray City police. A Murray City detective wrote a report about a
"possible sex offense" investigation. The detective's report noted
that the probation officer reported that McCamey "had been around
[J.W.] alone," and the probation officer was "concerned that
McCamey may have perpetrated a sexual offense towards her."
When interviewed, J.W. denied that McCamey had ever touched
her, tried to touch her, or made sexual advances towards her. Due
to lack of information and "no allegations or disclosures" from
J.W., Murray City closed the 2003 investigation without filing
charges.

    In 2012, J.W. reported that nine years earlier McCamey had
touched her unlawfully more than once. In 2013, the State charged
McCamey with two counts of aggravated sexual abuse of a child, a
first degree felony, and one count of lewdness involving a child, a
third degree felony.

    In an October 2014 letter, McCamey "complained to the trial
court that his defense attorney was not doing what he was asking
her to do" and stated his belief that the statute of limitations should
have barred the 2013 prosecution. However, on January 20, 2015,
McCamey entered into a plea agreement through which he pleaded
guilty to two amended counts of attempted sexual abuse of a child,
a third degree felony, and obtained a dismissal of the lewdness
charge. In connection with his guilty pleas, McCamey admitted the
factual basis for the charges, acknowledged and waived each of his
statutory and constitutional rights (except the right to counsel), and
affirmed that if he wanted to withdraw his guilty pleas, he must file
a motion to withdraw before sentencing. McCamey did not move
to withdraw his pleas or file a direct appeal.

    On November 15, 2015, McCamey filed a petition under
the Post-Conviction Remedies Act (PCRA). In relevant part, the
petition asserted that the 2013 charges were barred by the statute of
limitations and that his trial counsel was ineffective for not
pursuing a statute of limitations defense. The district court granted
summary judgment on the claims. First, it ruled that McCamey's
statute of limitations claim was procedurally barred under Utah
Code section 78B-9-106(1)(c) because he could have raised the
claim at trial or on appeal. The district court noted that "McCamey

2

> brought his concern regarding the statute of limitations defense to the Court's attention" in his October 2014 letter, but the court did not address the question because McCamey entered guilty pleas to reduced charges in January 2015.
>
> The district court next noted that under section 78B-9-106(3) of the PCRA, a person may still be eligible for relief on a ground otherwise precluded "if the failure to raise that ground was due to ineffective assistance of counsel." *See* Utah Code Ann. § 78B-9-106(3) (2012). Because McCamey asserted an ineffective assistance of counsel claim, the district court reviewed the merits of the statute of limitations claim to the extent necessary to address the exception under section 78B-9-106(3). The district court ruled that McCamey had not shown ineffective assistance of his trial counsel based upon the failure to raise a statute of limitations defense to the 2013 charges. The district court concluded that the statute of limitations had not expired because the 2003 communications did not amount to a "report of the offense[," as used in former Utah Code § 76-1-303.5,] that triggered the running of the four-year statute of limitations that was in effect in 2003.

*McCamey v. State*, 2017 UT App 97, ¶¶ 2-6 (per curiam), *cert. denied*, 406 P.3d 253 (Utah 2017) (table).

Petitioner's state post-conviction petition, (ECF No. 19-7), had also attacked his conviction on the ground of ineffective assistance of counsel because counsel--allegedly without researching the rules to determine that a Utah Rule of Evidence 404(c) motion was "a violation of the ex post facto laws"--advised Petitioner "to accept the [plea] offer from the State because of his past criminal history." (*Id*. at 15-16.) The trial court ruled separately on the Rule 404(c) issue, deeming Petitioner's argument "frivolous on its face," and stating,

> The Court . . . applies the law as it exists at the time of the event being regulated. *State v. Folsom*, 2015 UT 14, ¶ 10. In Petitioner's case, the event being regulated by 404(c) was the potential admission of evidence of Petitioner's prior acts of child molestation. Rule 404(c) does not regulate in any manner Petitioner's actual prior crimes and acts. Accordingly, the applicable rule was Utah R. Evid. 404(c), as it existed on August 21, 2014.

(ECF No. 19-8, at 2 (quotation marks omitted).) This issue was not raised on appeal.

3

In the Utah Court of Appeals, Petitioner's brief was limited to challenging the trial court's ruling on the statute of limitations. Without reference to the Federal Constitution, his arguments were solely focused on how the trial court was wrong--under state law--in interpreting Utah's former "reporting statute" to mean that the 2003 investigation did not result in a "report of the offense." (ECF No. 19-12.)[2]

In its ruling, the Utah Court of Appeals stated,

> The district court did not err in determining that the statute of limitations claim was barred under section 78B-9-106(1)(c) of the PCRA unless the exception in section 78B-9-106(3) applied. In addition, by pleading guilty to the amended charges, McCamey waived any pre-plea issues, including statutory and constitutional claims. *See State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046 (holding that by pleading guilty, a defendant is deemed to have admitted the essential elements of the crime charged and thereby waives all nonjurisdictional defects, including alleged pre-plea constitutional violations); *James v. Galetka*, 965 P.2d 567, 573 (Utah Ct. App. 1998) (holding that "criminal statutes of limitations are not jurisdictional, but are a bar to prosecution which can be waived by a knowing and voluntary guilty plea").

*McCamey*, at ¶ 9.

---

[2]Right before concluding, though, he threw in an inexplicable citation to *Bennett v. State*, 2016 UT 54, that involved an inapposite inmate's challenge to a scheme in which he was threatened with parole revocation if he did not report incriminating information about himself, in violation of the Fifth Amendment right against self-incrimination. *Id*. at ¶ 41. His next sentence nonsensically stated, "There a Fifth Amendment Right, here both a Sixth Amendment Right and a Fifth Amendment Right to due process, and a right protecting against ex-post-facto punishment or charging (Art. 1, Sec 18 Utah Const.) [sic]." (ECF No. 19-12, at 8.) That was his only reference to federal law; he provided no context or analysis. *See Rouse v. Romero*, No. 11-cv-405-JCH/SMV, 2013 U.S. Dist. LEXIS 189482, at *11-12 (D.N.M. June 25, 2013) ("A petitioner does not satisfy the exhaustion requirement 'by presenting the state courts only with the facts necessary to state a claim for relief[;]' the specific constitutional right allegedly violated must also be identified. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). '[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.' *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988); *see also Casella v. Clemons*, 207 F.3d 18, 21 (1st Cir. 2000) ('an isolated federal-law bloom in a garden thick with state-law references' will not serve to exhaust; 'the proponent must have presented the federal claim to the state courts unveiled'); *U.S. v. Dunkel*, 927 F.2d 955, 956, 91-1 U.S. Tax Cas. (CCH) P 50216, 67 A.F.T.R.2d 637 (7th Cir. 1991) ('Judges are not like pigs hunting for truffles buried in briefs').").

Section 78B-9-106(3)(a) excepted from procedural bar a ground that "could have been but was not raised at trial or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel." Utah Code Ann. § 78B-9-106(3)(a) (2021). And, though Petitioner did not explicitly raise ineffective assistance of counsel in his brief, the Utah Court of Appeals liberally construed his brief to "challenge the rationale for the trial court's decision on the ineffectiveness of counsel claim." *McCamey*, at ¶ 10 n.2. This gave the court of appeals the chance to determine if the exception to the procedural bar applied.

The court of appeals went on to analyze ineffective assistance of counsel, using the standard *Strickland v. Washington*, 466 U.S. 668 (1984), two-pronged test. *Id*. at ¶ 11. The Utah court's interpretation of Utah statute led to the court's conclusion that counsel had not performed deficiently:

> The district court did not err in its determination that the 2003 communications between McCamey's probation officer and Murray City police did not constitute a "report of the offense[," as used in former Utah Code § 76-1-303.5,] that triggered the running of the four-year statute of limitations. Therefore, the 2013 charges were not barred. Because it would have been futile to assert the statute of limitations defense, trial counsel was not ineffective in declining to assert that claimed defense. Accordingly, the district court also did not err in its determination that counsel was not ineffective and the exception in section 78B-9-106(3) does not apply.

*McCamey*, at ¶ 20.

In his certiorari petition to the Utah Supreme Court, Petitioner (a) challenged the court of appeals's interpretation that the state's former "reporting statute" did not apply to the 2003 investigation; (b) raised federal constitutional grounds to further attack the court's decision that the statute of limitations had not expired before Petitioner was held to account for his crimes against J.W; and (c) attacked the court of appeals's conclusion that counsel was not ineffective.

(ECF No. 19-14, at 2.) This marked the first time that he had substantively argued that the

Federal Constitution was violated; he had not preserved allegations of violations of the Federal

Constitution for Utah Supreme Court treatment by raising the Federal Constitution on these

issues in his PCP or on appeal to the Utah Court of Appeals. Petitioner's certiorari petition in the

Utah Supreme Court was denied with no opinion. *McCamey v. State*, 406 P.3d 253 (Utah 2017).

## PETITIONER'S ASSERTED GROUNDS FOR FEDERAL-HABEAS RELIEF

Petitioner raises the following issues on federal habeas review: (1) "Due Process violated

as statute had run prior to revision of limitations amendment: Ex Post Facto law." (ECF No. 3, at

5.) (2) Ineffective assistance of counsel because "counsel failed to file or follow up on request to

raise statute of limitation defense."[3] (*Id*. at 7.) (3) "404 motion was Ex Post Facto barred – but

trial court did not rule on it due to pleas entered . . . under 2nd and Fourth; + evidence altered by

application [sic]." (*Id*. at 8.) As set forth above, issue (1) was not initially raised as a challenge

under federal law, and Issue (3) was not raised before the Utah Court of Appeals or Utah

Supreme Court. Issues (1) and (3) are therefore procedurally defaulted under the below analysis.[4]

## PROCEDURAL DEFAULT

The United States Supreme Court has declared that when a petitioner has "'failed to

exhaust his state remedies and the court to which the petitioner would be required to present his

claims in order to meet the exhaustion requirement would now find the claims procedurally

barred' the claims are considered exhausted and procedurally defaulted for purposes of federal

---

[3]Petitioner gratuitously tacked on to the end here, "Counsel also failed to explain appeal rights available." (ECF No. 3, at 7.) This issue was never brought up before at any other time and therefore is procedurally defaulted under the analysis provided in this decision.

[4]Also, any possible violations of the Utah Constitution or Code are not properly brought before this federal habeas court, so not considered here. *See* 28 U.S.C.S. § 2254 (2021) (stating federal habeas statute covers those in custody under state-court judgment only when "in violation of the Constitution or laws or treaties of the United States"). And, issues raised for the very first time in Petitioner's response, (ECF No. 26), to the State's answer, (ECF No. 19), are not addressed, as waived. *See Adler v. Wal-Mart Stores*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v.*

*Thompson*, 501 U.S. 722, 735 n.1 (1991)).[5]

Utah's Post-Conviction Remedies Act states in relevant part:

> A person is not eligible for relief under this chapter upon any
> ground that:
> (a) may still be raised on direct appeal or by a post-trial motion;
> (b) was raised or addressed at trial or on appeal;
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-
> conviction relief or could have been, but was not, raised in a
> previous request for post-conviction relief; or
> (e) is barred by the [one-year] limitation period established in
> Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2021).

Issues (1) and (3) were raised or could have been raised, either at trial, on appeal or in a

state post-conviction petition (PCP). Under Utah law, then, Petitioner may not raise those

arguments in future PCPs, and the state courts would determine them to be procedurally barred.

And, Petitioner has not argued the application of exceptions to procedural bar.

In sum, the Court concludes that Petitioner's issues (1) and (3) are procedurally defaulted.

Habeas relief is thus denied on these issues.

## MERITS ANALYSIS

### 1. Standard of Review

The standard of review to be applied in federal habeas cases is found in § 2254, under

which this habeas petition is filed. It states:

> (d) An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the

---

[5]"[T]he [exhaustion] doctrine requires state prisoners to give the state courts one full opportunity to resolve any
constitutional issues by invoking one complete round of the State's established appellate review process."
*See Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012) (original brackets and internal quotation marks
omitted))

> merits in State court proceedings unless the adjudication of the
> claim--
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C.S. § 2254(d) (2021).

The Court's inquiry centers on whether the Utah Court of Appeals's[6] rejection of Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law. 28 U.S.C.S. § 2254(d)(1) (2018). This "'highly deferential standard,'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted); *see also Littlejohn v. Trammell*, 704 F.3d 817, 824 (10th Cir. 2013), is "'difficult to meet,' because the purpose of AEDPA is to ensure that federal habeas relief functions as a "'guard against extreme malfunctions in the state criminal justice systems,'" and not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43-44 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment))). The Court is not to determine whether the court of appeals's decision was correct or whether this Court may have reached a different outcome. *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). And, "[t]he petitioner carries the burden of proof." *Cullen*, 131 S. Ct. at 1398.

Under *Carey v. Musladin*, 549 U.S. 70 (2006), the first step is determining whether clearly established federal law exists relevant to Petitioner's claims. *House*, 527 F.3d at 1017-18;

---

[6]The Court looks to the court of appeals's decision on post-conviction review, as it is the last reasoned state-court opinion on the claim at issue. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

*see also Littlejohn*, 704 F.3d at 825. Only after answering yes to that "threshold question" may

the Court go on to "ask whether the state court decision is either contrary to or an unreasonable

application of such law." *Id.* at 1018.

> [C]learly established [federal] law consists of Supreme Court
> holdings in cases where the facts are at least closely-related or
> similar to the case *sub judice*.  Although the legal rule at issue need
> not have had its genesis in the closely-related or similar factual
> context, the Supreme Court must have expressly extended the legal
> rule to that context.

*Id.* at 1016.

Further, "in ascertaining the contours of clearly established law, we must look to the

'*holdings* as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the

relevant state-court decision." *Littlejohn*, 704 F.3d at 825 (quoting *Yarborough v. Alvarado*, 541

U.S. 652, 660-61 (2004) (emphasis added) (citations omitted)). And, in deciding whether

relevant clearly established federal law exists, this Court is not restricted by the state court's

analysis. *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("[F]ederal courts are not free to presume

that a state court did not comply with constitutional dictates on the basis of nothing more than a

lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be

aware of our precedents, 'so long as neither the reasoning nor the result of the state-court

decision contradicts them.'") (citation omitted).

If this threshold is overcome, this Court may grant habeas relief only when the state

court has "unreasonably applied the governing legal principle to the facts of the petitioner's

case." *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529

U.S. 362, 412-13 (2000)). This deferential standard does not let a federal habeas court issue a

writ merely because it determines on its own that the state-court decision erroneously applied

clearly established federal law. *See id.* "'Rather that application must also be unreasonable.'" *Id.*

9

(quoting *Williams*, 529 U.S. at 411). Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 131 S. Ct. at 785 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).

This highly demanding standard was meant to pose a sizable obstacle to the habeas petitioner. *Id.* at 786. Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents. It goes no farther." *Id.* To prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. Against this backdrop, the Court now applies the standard of review to this case's circumstances.

### 2. Application of Standard of Review

The exhausted claim here is an ineffective-assistance-of-counsel issue stemming from counsel's alleged failure to raise a statute-of-limitations defense.

Remembering that review is tightly restricted by the federal habeas standard of review, this Court observes that the Utah Court of Appeals selected the correct governing legal principle with which to analyze the ineffective-assistance-of-counsel issue. *McCamey*, at ¶ 10. It is the familiar two-pronged standard of *Strickland v. Washington,* 466 U.S. 668 (1984): (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by counsel's deficient performance.

*Id.* at 687-88.  The prejudice element requires a showing that errors were so grave as to rob the petitioner of a fair proceeding, with a reliable, just result. *Id*.

As required by the standard of review, the Court now analyzes whether the Utah Court of Appeals's application of *Strickland* was reasonable. In evaluating this issue under Supreme Court precedent, the court of appeals's subsidiary, dispositive analysis was to interpret the state's former "reporting statute," Utah Code § 76-1-303.5. *McCamey*, at ¶ 20. Even if the court of appeals got its interpretation wrong, "a state's misapplication of its own statute of limitations does not violate federal due process per se." *Belvin v. Addison*, 561 F. App'x 684, 686 (10th Cir. 2014) (unpublished); *see also Locklear v. Hultine*, 528 F. Supp. 982, 986 (D. Kan. 1981) ("It is well settled that the interpretation of state statutes is purely within the domain of state courts, and is beyond the reach of a federal court in a habeas corpus proceeding, unless it is clearly shown that a state's judicial interpretation violates fundamental rights guaranteed by the constitution.") (citing *United States ex rel. Savino v. Flood*, 482 F. Supp. 228, 233 (E.D.N.Y. 1979) (citing *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977))). Once the court of appeals interpreted the state reporting statute to not include the 2003 investigation as "a report" triggering the statute of limitations, it then correctly concluded under *Strickland* that counsel could not have been ineffective for not raising a futile issue--i.e., the statute of limitations as a bar to prosecution.

Under the standard of review, Petitioner does not even argue that the court of appeals got this wrong, as a matter of state statutory interpretation. Now that he has retroactively recharacterized the statute-of-limitations defense as a matter of federal constitutional law, though, he impermissibly argues state-court error on what is a procedurally defaulted basis.

Most importantly, fatal to his challenge here, Petitioner does not suggest any United States Supreme Court on-point case law exists that is at odds with the court of appeals's result.

Based on *Strickland*, the Utah Court of Appeals was right to analyze how counsel's performance may have been deficient, and, on the basis that it was not, reject Petitioner's ineffective-assistance-of-counsel claims. This Court is therefore not at all persuaded that the court of appeals's application of relevant Supreme-Court precedent was unreasonable.

## CONCLUSION

Petitioner's claims are either procedurally defaulted or do not hurdle the federal habeas standard of review.

**IT IS ORDERED** that:

**(1)** The petition for writ of habeas corpus is **DENIED** and the action **DISMISSED WITH PREJUDICE**.

**(2)** A certificate of appealability is **DENIED**.

**(3)** Petitioner's third motion for appointed counsel, (*see* ECF No. 25), is **DENIED**, for the same reasons stated in the earlier order denying his first motion for appointed counsel, (ECF No. 10).

This action is **CLOSED**.

DATED this 23rd of March, 2021.

BY THE COURT

JUDGE TED STEWART
United States District Court

12